UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FERRELL,<br>        Plaintiff | :<br>: |
|     v. | : CIVIL NO. 3:CV-08-158<br>: |
| JEFFREY A. BEARD, et al.,<br>        Defendants | : (Judge Kosik)<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| BRUCE FERRELL,<br>        Plaintiff | :<br>: |
|     v. | : CIVIL NO. 3:CV-08-171[1]<br>: |
| JEFFREY A. BEARD, et al.,<br>        Defendants | : (Judge Kosik)<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| BRUCE FERRELL,<br>        Plaintiff | :<br>: |
|     v. | : CIVIL NO. 3:CV-08-472<br>: |
| JEFFREY A. BEARD, et al.,<br>        Defendants | : (Judge Kosik)<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| BRUCE FERRELL,<br>        Plaintiff | :<br>:<br>: |
|     v. | : CIVIL NO. 3:CV-08-493<br>: |
| JEFFREY A. BEARD, et al.,<br>        Defendants | : (Judge Kosik)<br>: |

---

[1] On February 5, 2008, an Order was issued consolidating another civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983 into this matter. See Ferrell v. Palakovich, et al., Civil Action No. 08-190. The consolidated cases proceed under the earlier filed case, Ferrell v. Beard, et al., Civil Action No. 08-171.

# MEMORANDUM and ORDER

## I. Background

Plaintiff Bruce Ferrell[2] recently filed the above civil rights actions pursuant to 42 U.S.C. § 1983. He is confined at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania. Named as Defendants in the actions are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC"), and various DOC employees. Plaintiff seeks to proceed in forma pauperis in each of these actions. For the reasons that follow, his requests will be denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g), and the actions will be dismissed for failure to pay the full filing fees, with the right of Plaintiff to reopen the cases by paying the full fee for each case within sixty (60) days.

## II. Allegations in Complaints

In Civil Action No. 08-158, Plaintiff complains about his denial of access to the courts while confined at the State Correctional Institution at Mahanoy, his former place of confinement. He claims that from August of 2006 through October of 2007, officials at SCI-Mahanoy denied him access to legal services, including the law library, in retaliation for filing earlier lawsuits.

---

[2] According to previous case filings with this court and DOC records, Plaintiff also uses the names of "Wayne Ferrell", "Dwayne Ferrell" and "Wayne Sundiata Ferrell".

2

In consolidated Civil Action No. 08-171 Plaintiff names as Defendants Jeffrey Beard and several employees at SCI-Smithfield. He contends that from October 3, 2007 through the present time, he and other inmates have been subjected to unsanitary conditions at SCI-Smithfield. He complains that the prison personnel fail to properly clean, sanitize and disinfect the prison from "top to bottom." He maintains that cells are not properly scrubbed down before an inmate is placed there and that urine, spit and other bodily fluids are visible. He claims that these conditions may possibly lead to the spread of contagious diseases.

In Civil Action No. 08-472, Plaintiff claims that from October of 2007 through the present time, his access to the courts is being affected at SCI-Smithfield by the employees there. He specifically complains about the mini-law library stating that it is too small for an inmate to occupy and to hold book shelves. He claims that contractors are supposed to rectify the problem but are not doing the work. He claims that the use of the "indoor exercise cage" turned into a mini-law library does not afford inmates a place to write and draft or to spread out documents. He further complains about the noise.

In Civil Action No. 08-493, Plaintiff again raises access to the court issues at SCI-Smithfield. He claims that from October 3, 2007 through the present time, prison employees who are not qualified to assist him with his legal work have been rendering decisions on his legal matters and interfering with his access to the

3

courts. He further claims that despite an order from the Western District of Pennsylvania court directing that he type his court submissions, he is being denied access to a typewriter. In his complaint he also includes allegations of conspiracy and retaliation.

## III.   Discussion

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In this case, Plaintiff filed a motion to proceed in forma pauperis and an authorization form in Civil Action Nos. 08-171 and 08-158. In the other two actions, Administrative Orders have not yet been issued as Plaintiff never returned a proper in forma pauperis and authorization form.

4

It was recently discovered by the Court that prior to instituting this action Plaintiff has, on more that twenty (20) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. These "strikes" are fully set forth in detail in a Report and Recommendation issued by a Magistrate Judge in the United States District Court for the Western District of Pennsylvania on April 4, 2006. See Ferrell v. Beard, et al., Civil Action No. 06-484 (W.D. Pa.). The Report and Recommendation dismisses a civil rights action filed by Plaintiff on the basis of 28 U.S.C. § 1915(g) as barred by the three strikes rule, and lists all of the actions previously filed by Plaintiff which fall within the three strikes rule. These cases include the following: Ferrell v. Sigismonti, et al., Civil Action No. 94-3597 (E.D. Pa.), dismissed as frivolous under 28 U.S.C. § 1915(d)[3] by Order dated June 20, 1994; Ferrell v. Librance, et al., Civil Action No. 94-3599 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v. Semeraro, et al., Civil Action No. 94-3601 (E.D. Pa.), dismissed as frivolous by Order dated June 20, 1994; Ferrell v. Commonwealth, et al., Civil Action No. 94-6893 (E.D. Pa.), dismissed as frivolous

---

[3] The Court of Appeals for the Third Circuit has held that dismissal based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

by Order dated November 21, 1994; Ferrell v. Jury Commissioner, et al., Civil Action No. 94-5796 (E.D. Pa.), dismissed as frivolous by Order dated September 29, 1994, with an appeal therefrom dismissed by the Third Circuit as frivolous by Order dated April 14, 1995; Ferrell v. John Doe, et al., Civil Action No. 95-2800 (E.D. Pa.), dismissed as frivolous by Order dated May 15, 1995; Ferrell v. Horn, et al., Civil Action No. 99-276 (W.D. Pa.), dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e) by Order dated June 29, 2000; and Ferrell v. Horn, et al., Civil Action No. 01-1137 (M.D. Pa.), construed as a combined habeas and civil rights action with the civil rights portion dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) by Order dated July 5, 2001.[4]

Based on the foregoing, Plaintiff is thus barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action. While there does exist the "imminent danger" exception to § 1915(g)'s "three strikes" rule, it is clearly inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), cert. denied, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a

---

[4] For a complete listing of all cases counting as a strike for purposes of 28 U.S.C. § 1915(g), see Document 2 in Ferrell v. Beard, et al., Civil Action No. 06-484 (W.D. Pa. April 20, 2006).

6

threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the instant cases, even construing all allegations in favor of Plaintiff, his claims either relate to incidents which occurred at a different prison or fail to present facts that demonstrate he faced an imminent danger at the time the complaints were filed.  In fact, the majority of his complaints deal with the alleged denial of access to the courts.

For these reasons, any request by Plaintiff to proceed in forma pauperis in the above cases must be denied in accordance with 28 U.S.C. § 1915(g) and these actions dismissed for failure to submit the full filing fee, with the right of Plaintiff to reopen the cases by paying the full filing fee for each case within sixty (60) days.

**ACCORDINGLY, THIS 31st DAY OF MARCH, 2008, IT IS HEREBY ORDERED AS FOLLOWS:**

> 1.  The Administrative Orders previously issued in Civil Action Nos. 08-171 (Doc. 7) and 08-158 (Doc. 6) are **vacated**.  The Clerk of Court is to cease the withdrawal of any funds from Plaintiff's inmate account.  If any monies have been withdrawn in payment toward the filing fees in said actions, they are to be refunded to Plaintiff.  No Administrative Orders are to be issued in Civil Action Nos. 08-472 and 08-493.
>
> 2.  Plaintiff's requests to proceed in forma pauperis in the four above-captioned actions are **denied** in accordance with 28 U.S.C. § 1915(g), and the actions dismissed for failure to pay the full filing fee without prejudice to Plaintiff to reopen the actions by submitting the full filing fees within sixty (60) days.

3. To the extent there are any motions pending in the above matters, said motions are **denied as moot** without prejudice to the renewal of the motions if the full filing fees are submitted and the cases reopened.

4. The Clerk of Court is directed to **close the above-captioned cases**.

*s/EDWIN M. KOSIK*
United States District Judge